IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CLARENCE HAYES,

Plaintiff,

v. No. 1:26-cv-01033-JDB-tmp

WARDEN ROBERT ADAMS, JR., et al.,

Defendants.

ORDER DENYING MOTION BY NON-PARTY FOR PERMISSIVE JOINDER AS PLAINTIFF (D.E. 8; D.E. 8-1) AND DENYING MOTION BY NON-PARTY TO AMEND COMPLAINT (D.E. 8-2)

On February 23, 2026, Plaintiff, Clarence Hayes, filed a pro se complaint pursuant to 42 U.S.C. § 1983 (Docket Entry ("D.E.") 2) and a motion for leave to proceed in forma pauperis. (D.E. 4.) When Plaintiff filed the complaint, he was confined at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee and was assigned Tennessee Department of Correction prisoner number 266857. (D.E. 2 at PageID 3; D.E. 2-2 at PageID 9.) On February 26, 2026, the Court denied Hayes's motion for leave to proceed in forma pauperis and directed him to pay the $405 civil filing fee (D.E. 5), which he paid on April 3, 2026. (D.E. 7.)

On April 6, 2026, Kiyziah Vaughn, who alleges to be Hayes's niece, (D.E. 8-2 at PageID 28), filed:

(1) a motion for permission to join as a plaintiff in this case pursuant to Federal Rules of Civil Procedure 18, 19, and 20 (D.E. 8 at PageID 20-22) ("Joinder Motion"));

(2) an affidavit in support of the Joinder Motion (D.E. 8-1 at PageID 23-26 ("Affidavit")); and

(3) a proposed first amended complaint, which is construed as a motion to amend the complaint (D.E. 8-2 (the "MTA")).

For the reasons explained below, the Joinder Motion (D.E. 8; D.E. 8-1) and the MTA (D.E. 8-2) are DENIED.

I. THE JOINDER MOTION

A. Hayes's Complaint and Vaughn's Allegations in the Joinder Motion

In the complaint, Hayes sets forth that, while incarnated at the WCF, he is being "denied access to the Court because the mailroom staff is refusing to give [him his] legal mail from Ziah Court Reporting, Inc. This is a legal[ly] registered business that provides Litigation Support, Legal Record Production, and Sworn Transcript Services." (D.E. 2-1 at PageID 5.) He alleges that his legal mail from Ziah Court Reporting, Inc. contains "documents that prove[] [his] innocence claim and more that [he is] presenting in [his §] 2254 writ of habeas corpus . . . . [and that] [t]he mailroom staff h[a]s threaten[ed] to destroy [his] legal mail in 30 days." (*Id.*) Hayes attached to the complaint a CoreCivic Notification of Rejection of Incoming Mail regarding mail addressed to him, saying: "Inmate mail denied. Not recognized or clearly address[ed] from a[n] attorney[] per Warden Adams." (*Id.* at PageID 8.) The complaint is construed to allege a claim of denial of the First Amendment right of prisoners to send and receive mail and to access the courts.

Vaughn seeks permission to join Hayes "as joinder plaintiff . . . pursuant to Federal Rule[s] of Civil Procedure 18, 19 and 20." (D.E. 8-1 at PageID 24 (emphasis omitted).) She maintains that she is a 32-year-old "Businesswoman" (*id.*) who is "the President [o]f Ziah Court Reporting, Inc. . . . ." (D.E. 8-2 at PageID 28.) She believes that Hayes "[i]s an innocent man unjustly imprisoned for a crime [she] believe[s] he never committed." (D.E. 8-1 at PageID 24 (emphasis omitted).) Vaughn contends:

> [W]e have tried our best to try to get . . . Hayes release[d] from [p]rison but the Defendants continue to denied and deprived [sic] us access to courts because the

> Defendants continue to denied and deprived [sic] us the opportunity and privilege to correspond and communicate[] based upon their unwritten discriminatory and inhumane policies and protocol maliciously designed to hold [an] innocent person in prison for crime[s] the innocent person never committed.

(*Id*. (emphasis omitted).)

The plausible inference from the record is that Vaughn attempted to send materials to Hayes at the WCF by using the return address of her company, Ziah Court Reporting Inc., in order to have the mail treated as "legal mail." However, it appears that the package was rejected by WCF mailroom staff's screening of incoming inmate mail according to WCF policies and procedures.[1]

In the Joinder Motion, Vaughn seeks "permission to file joint motions, joint replies, joint answers, joint respons[es], and joint amended complaints as warranted" (*id*. at PageID 25 (emphasis omitted)) and "appearance status during this Case status conference, meetings, and motion hearings scheduled by the Court," (*id*. at PageID 26 (emphasis omitted).) As explained below, the relief she seeks is unavailable.

---

[1] A prisoner's right to receive mail, including legal mail, is protected by the First Amendment. *Muhammad v. Pitcher*, 35 F.3d 1081, 1084–85 (6th Cir. 1994) (citing *Knop v. Johnson*, 977 F.2d 996, 1012 (6th Cir. 1992)); *see also Pell v. Procunier*, 417 U.S. 817, 822 (1974) ("[A] prison inmate retains those First Amendment rights that are not inconsistent with his status as a prisoner or with the legitimate penological objectives of the corrections system."). Prison officials may, however, place reasonable restrictions on those rights to maintain security within the institution. The Supreme Court has held that inmate mail may be opened, pursuant to a uniform and evenly applied policy, to guard against contraband coming into a prison. *See Wolff v. McDonnell*, 418 U.S. 539, 574–77 (1974); *see also Sallier v. Brooks*, 343 F.3d 868, 873-74 (6th Cir. 2003) ("A prisoner's right to receive mail is protected by the First Amendment, but prison officials may impose restrictions that are reasonably related to security or other legitimate penological objectives."). The plausible inference from the present record is that the WCF's "refus[al] to give [Hayes] his legal mail from Ziah Court Reporting, Inc." (D.E. 2-1 at PageID) could relate to the jail's permissible "reasonable restrictions [on prisoners' rights to send and receive mail] to maintain security within the institution . . . [such as] guard[ing] against contraband coming into a prison" from friends and relations." *See Ibrihim v. Dir./Warden of Shelby Cnty. Corrs.*, No. 2:22-cv-2221-SHM-tmp, 2025 WL 1679536, at *1 (W.D. Tenn. June 13, 2025) (citing *Wolff*, 418 U.S. at 574–77 and *Sallier*, 343 F.3d at 873-74).

B. Analysis of the Joinder Motion

Amendments to join parties are governed by the rules of joinder under Federal Rules of Civil Procedure 19 and 20.

Pursuant to Federal Rule of Civil Procedure 19(a)(1)(A)-(B), which governs required joinder:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Rule 20 provides for permissive joinder of persons as plaintiffs if: "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)-(B).

Only existing parties may move to join additional parties. A non-party cannot file a motion for joinder under Rule 19 or Rule 20. *See*, *e.g.*, *Jackson v. Oakland Schs.*, No. 26-12109, 2026 WL 2519296, at *1 (E.D. Mich. Aug. 26, 2026) ("A nonparty cannot on its own motion join as a party.") (quoting *Premier Foods of Bruton, Inc. v. City of Orlando*, 192 F.R.D. 310, 312 (M.D. Fla. 2000)); *Nance v. Lillard*, No. 24-1632, 2025 WL 305461, at *1 (S.D. Ill. Jan. 27, 2025) ("motions for joinder must be filed by existing parties") (citing cases); *Gregory v. R.J. Reynolds Tobacco Co., Inc.*, No. 7:20-cv-4257, 2021 WL 5827239, at *6 n.11 (D.S.C. Sept. 21, 2021) ("a nonparty cannot file a motion for joinder under Rule 19") (quoting *Callender v. Callender*, No. TDC-15-4015, 2016 WL 3647613, at *7 (D. Md. June 30, 2016)).

1. Permissive Joinder of Vaughn Under Rule 20 is Unavailable

Vaughn is not a party to the instant action. (*See* D.E. 2 (complaint, filed by Hayes, naming Hayes as Plaintiff); D.E. 6 & D.E. 7 (payment of $405 filing fee on behalf of Hayes).) It is, therefore, procedurally improper for her, as a non-party, to seek permissive joinder under Rule 20(a). *See*, *e.g.*, *Nance*, 2025 WL 305461, at *1; *Gregory*, 2021 WL 5827239, at *6 n.11.

2. Required Joinder of Vaughn Under Rule 19 is Inappropriate

Even if the Court were to consider sua sponte[2] whether Vaughn must be joined as an indispensable party under Rule 19(a), she does not satisfy the elements of Rule 19(a)(1)(B)(i).

First, even if she is in fact "related to" Hayes (D.E. 8-1 at PageID 24; *see also* D.E. 8-2 at PageID 27 (alleging that Hayes is Vaughn's uncle)), Vaughn alleges no facts showing that she has an interest relating to the subject of this lawsuit. Allegations that she is the "President [o]f Ziah Court Report, Inc." and Hayes's niece who believes that Hayes "has been wrongly convicted," (D.E. 8-2 at PageID 28), do not demonstrate her interest in Hayes's prosecution of his claim of denial of access to the courts. Family allegiance is not coterminous with "interest relating to the subject of the action" for purposes of Rule 19. *See* Fed. R. Civ. P. 19(a)(1)(B).

Second, Vaughn does not set forth facts demonstrating that, as a practical matter, she faces prejudice through a disposition in her absence. Hayes's claim alleged in his complaint arises from his criminal case and his collateral relief proceedings in which Vaughn is not a co-defendant. (*See* D.E. 2; D.E. 8-2 at PageID 28 (Vaughn's allegation that "I was 6 years old when my uncle [Hayes] was kidnapped into prison").) The Court is unconvinced that proceeding without her in this case may "impair or impede [her] ability to protect [her] interest[s]." *See* Fed. R. Civ. P. 19(a)(1)(B)(i).

---

[2] The United States Supreme Court has long held that courts may consider a Rule 19 motion for joinder sua sponte. *Republic of the Philippines v. Pimentel*, 553 U.S. 851, 861 (2008); *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 110-11 (1968).

The Joinder Motion does not demonstrate good cause for the Court, sua sponte, to join Vaughn as an indispensable party under Rule 19.

3. Vaughn Cannot Intervene as of Right or Permissively

The conclusion remains the same even if the Court construes Vaughn's Joinder Motion as an attempt to intervene under Federal Rule of Civil Procedure 24.

Rule 24 recognizes two types of intervention: (1) intervention as of right and (2) permissive intervention. Fed. R. Civ. P. 24. A non-party may intervene as a matter of right if there is a federal law authorizing intervention or if the moving party has an interest relating to the property or transaction at issue in the litigation, and that interest may, as a practical matter, be impaired or impeded by the disposition of the case without her. Fed. R. Civ. P. 24(a). Here, Vaughn has not asserted, and the Court is unaware of, a statute that would authorize her to intervene in this case. Further, she has not established any interest in this litigation that would be impaired or impeded by the disposition of this case without her. (*See* D.E. 8; D.E. 8-1.) Accordingly, Vaughn cannot intervene as a matter of right under Rule 24(a).

Permissive intervention, on the other hand, may be allowed where the proposed intervenor is given a conditional right to intervene by a federal statute or has a claim or defense that shares with the main action a common question of law or fact. Fed. R. Civ. P. 24(b)(1). The decision is left to the discretion of the Court, which must also consider "whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3). Rule 24 further requires that a motion to intervene "state the grounds for intervention and be accompanied by a pleading that sets out the claim or defense for which intervention is sought." Fed. R. Civ. P. 24(c).

Vaughn does not meet either circumstance for permissive intervention. First, she has not identified a federal statute giving her a conditional right to intervene in this case. Second, her

attempts to allege on her own behalf claims such as search and seizure in violation of the Fourth Amendment and denial of access to counsel in violation of the Sixth Amendment (D.E. 8-2 at PageID 29) are disingenuous and fantastical. Hayes, not Vaughn, is incarcerated. Vaughn cannot plausibly claim, for example: (1) a denial of right to "legal mail" while confined (*see id.*); (2) denial of access to the courts to file, as a non-prisoner, "newly discovered evidence [in] post-conviction motions" (*id.*); (3) denial of access to counsel (*id.* at PageID 29-30 (conceding that "[t]he prison is denying *my uncle* access to effective representation") (emphasis added)); (4) denial of the Seventh Amendment right to jury trial, as a non-prisoner (*id.* at PageID 30); or (5) infliction of cruel and unusual punishment (*id.* (alleging the "prison has been vindictive which cause[s] pain [and] suffering [to my uncle]").) To the extent she seeks to assert such claims on behalf of Hayes, her attempt is not well taken. Vaughn does not herself have "a claim or defense that shares with the main action a common question of law or fact." *See* Fed. R. Civ. P. 24(b)(1)(B).

Furthermore, the Joinder Motion is not "signed by at least one attorney of record in the attorney's name or by a party personally if the party is unrepresented." *See* Fed. R. Civ. P. 11(a) (applying to "[e]very pleading, written motion, and other paper" filed in federal court). Vaughn is not a party to this suit. Hayes did not sign the Joinder Motion. The Joinder Motion is noncompliant with Rule 11.

For all of the reasons explained above, the Joinder Motion (D.E. 8; D.E. 8-1) is DENIED.

## II. THE MOTION TO AMEND

In the proposed amended complaint, Vaughn avers that:

> [T]he defendants denied and deprived plaintiffs access to mail and legal mail . . . . [T]he defendants denied and deprived the plaintiff[']s constitutional rights to get access to plaintiff['s] mail and legal mail as result plaintiffs [sic] believe assert and allege that Mr. Hayes has been wrongly convicted and illegally held in prison because of this omission.

(D.E. 8-2 at PageID 27-28.) She contends that she "has a voluntarily lapsed Private Detective license in the State of Georgia. Plaintiffs have been denied and deprived to [sic] the Tennessee Courts to file newly discovered evidence post-conviction motions, affidavits and newly discovered ineffective trial counsel and newly discovered ineffective post-conviction counsel." (*Id*. at PageID 28.)

Vaughn seeks to assert the following claims in the proposed amended complaint:

> (1) violation of "First Amendment 'free speech and freedom of expression'" (*id*. at PageID 29 (emphasis omitted) (alleging that "Vaughn and [Hayes] . . . has [sic] been denied access to communication via mail, via legal mail and every form of communication because the defendants . . . ceased all our communications via legal mail without proper cause"));
>
> (2) "Fourth Amendment 'searches and seizures' violation" (*id*. (emphasis omitted) (alleging that the Defendants "implicitly and explicitly, directly and indirectly[,] jointly conspired to unlawfully search and cease [sic] all of the mail including [legal] mail"));
>
> (3) "Fifth Amendment 'Due Process' violation" (*id*. (emphasis omitted) (alleging that "the defendant has continued [to] search and cease [sic] plaintiff[']s mails without probable cause"));
>
> (4) "Sixth Amendment 'access to legal counsel' violation" (*id*. (emphasis omitted) (alleging that "the defendant is maliciously, and viciously and vindictively, and in-revengeful [sic] access to court and this omission consumes violation of the constitution to access to effective counsel"));
>
> (5) "Seventh Amendment 'right to jury trial' violation" (*id*. at PageID 30 (emphasis omitted) (alleging that "the defendant has continued [to] unlawfully search and cease [sic] plaintiff's legal mail deprived and denied plaintiff[']s consumer right to have a trial by jury"));
>
> (6) Eighth Amendment 'Cruel and Unusual Punishment and Inhumane Treatment' Violation" (*id*. (emphasis omitted) (alleging that "the defendant has continued [to] unlawfully search and cease [sic] plaintiff's legal mail. Plaintiff contacted prison to ask for reason, no reason with merit")); and
>
> (7) "Fourteenth Amendment Discrimination and Equal Protection and 'Substantive Due Process' Violations" (*id*. (emphasis omitted) (alleging that "the defendants continue[s] to deny and deprived [sic] both Plaintiff's [sic] due process and substantive due process based upon the identification of plaintiffs' skin color and race")).

Vaughn lacks standing to file the MTA. *See*, *e.g.*, *Jackson*, 2026 WL 2519296, at *1 ("Because Taylor is not a party to this action, she cannot amend the complaint."); *Shao v. Roberts*, No. GLR-26-1556, 2026 WL 2001945, at *1 (D. Md. May 11, 2026) ("A non-party has no right to amend a complaint." (quoting *Caldwell v. Regions Bank, N.A.*, No. 2:25-cv-993-KCD-DNF, 2026 WL 346246, at *1 (M.D. Fla. Feb. 9, 2026)). *Cf. Powell v. KEDPLASMA, LLC*, No. 2:18-cv-37, 2019 WL 13298939, at *1 (E.D. Tenn. Feb. 7, 2019) ("Nonparties do not have standing to litigate a suit. For example, nonparties 'lack standing to file a Rule 12(b)(6) motion.'") (quoting *Wasson v. Riverside Cnty.*, 237 F.R.D. 423, 423 n.1 (C.D. Cal. 2006)).

Given that Vaughn is a non-party who lacks standing to amend the complaint, the MTA (D.E. 8-2) is DENIED.

III. CONCLUSION

For the reasons explained above, the Joinder Motion (D.E. 8; D.E. 8-1) and the MTA (D.E. 8-2) are DENIED.

IT IS SO ORDERED this 15th day of September, 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE