IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

CLARENCE HAYES,

Plaintiff,

v.

No. 1:26-cv-01033-JDB-tmp

WARDEN ROBERT ADAMS, JR., et al.,

Defendants.

ORDER DISMISSING CASE, CERTIFYING THAT AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH, NOTIFYING HAYES OF THE APPELLATE FILING FEE, AND RECOMMENDING THIS DISMISSAL BE TREATED AS A STRIKE UNDER 28 U.S.C. § 1915(g)

On February 23, 2026, Plaintiff, Clarence Hayes, filed a pro se complaint pursuant to 42 U.S.C. § 1983. (Docket Entry ("D.E.") 2.)[1] On April 3, 2026, Hayes paid the civil filing fee. (D.E. 7.)

On September 9, 2026, the Court dismissed the complaint without prejudice and granted leave to amend within twenty-one days. (D.E. 9 ("Screening Order").) Plaintiff's deadline to amend was Wednesday, September 30, 2026. (*See id*. at PageID 43.)

Hayes has not filed amended claims or sought an extension of time to amend. It appears he has abandoned this action.

For these reasons, the Court DISMISSES this case with prejudice in its entirety for the reasons discussed in the Screening Order. (*See* D.E. 9 at PageID 43-44.) *See also* Fed. R. Civ. P.

[1] When Hayes filed the complaint, he was confined at the Whiteville Correctional Facility ("WCF") in Whiteville, Tennessee and was assigned Tennessee Department of Correction prisoner number 266857. (D.E. 2 at PageID 3; D.E. 2-2 at PageID 9.) He has never notified the Clerk of Court that he was released from the WCF or transferred to another facility.

41(b)[2]; *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court.") (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)). Judgment will be entered in accordance with the Screening Order.

For analysis of Hayes' future filings, if any, under 28 U.S.C. § 1915(g), the Court recommends that the dismissal of this case be treated as a strike. *See Simons v. Washington*, 996 F.3d 350, 352 (6th Cir. 2021). (*See also* D.E. 9 at PageID 44 (recommending that a dismissal of this case for Hayes' failure to timely amend be treated as a strike pursuant to § 1915(g)).)

Pursuant to Federal Rule of Appellate Procedure 24(a)(3)(A) and 28 U.S.C. § 1915(a)(3), it is CERTIFIED that any appeal in this matter by Hayes would not be taken in good faith. If he nevertheless chooses to file a notice of appeal, he must either (1) pay the entire six hundred and five dollar ($605.00) appellate filing fee or, if he is confined at that time, (2) submit a new in forma pauperis affidavit and a current, certified copy of his inmate trust account statement for the last six months, in compliance with 28 U.S.C. § 1915(a)-(b).

IT IS SO ORDERED this 23rd day of November 2026.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE

---

[2] "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).